**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Colle & McVoy, Inc.,
a Minnesota corporation,

Civil No. 01-404 DWF/AJB

Plaintiff,

v.

**ORDER**

Michael Klabunde,

Defendant.

---

The above-entitled matter came before the Honorable Arthur J. Boylan, Magistrate Judge of the United States District Court, District of Minnesota, in Room 638, U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101, on June 25, 2001 for a hearing on Plaintiff's Motion to Compel [Docket 16]. Dean R. Karua, Esq., represented Plaintiff; and Michael Klabunde represented himself.

Based on the file, records, affidavits, and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel [Docket 16] is granted.

2. Defendant shall provide all information and document relating to communications with Steve Katula, Esq. regarding the MILK MOOLA® trademark and patent prosecutions and the ownership of each.

Date: 8/17/01

ARTHUR J. BOYLAN
United States Magistrate Judge

FILED AUG 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

**MEMORANDUM**

Colle & McVoy, Inc. seeks to compel disclosure of communications between Michael Klabunde and his lawyer Steve Katula, Esq. Defendant Klabunde claims that these communications are protected by the attorney-client privilege. Colle & McVoy, Inc. argue that Klabunde waived his right to the attorney-client privilege by voluntarily disclosing communications between Katula and himself.[1]

MILK MOOLA® is a promotional program that provides instant redeeming coupons to consumers at the point-of-purchase. The coupon device is distributed on the bottleneck of milk jugs and is shaped in the form of the circular disk. There appears to be no dispute that Defendant Klabunde created the coupon device and the related promotional program. Colle & McVoy, Inc. is a national marketing communications firm. In August 1998 Defendant Klabunde and Plaintiff Colle & McVoy, Inc. entered into a Letter of Agreement. The Letter of Agreement proposed "to acquire the exclusive rights to commercially exploit the intellectual property and all other rights in and to the MILK MOOLA® trademark and related concepts and ideas. . . ."

In connection with the aforementioned agreement, Klabunde was hired as a Colle & McVoy, Inc. senior account executive. His responsibilities included directing the development of the MILK MOOLA® program for Colle & McVoy, Inc. As part of this development, Colle & McVoy, Inc. instructed Klabunde to obtain trademark protection

---

[1]Colle & McVoy, Inc. also claim that Katula was their legal representative and are therefore entitled to the documents. This alternate argument in this instance need not be addressed.

for MILK MOOLA® and patent protection for the coupon device. In order to prosecute the trademark and the patent applications Defendant Klabunde retained the services and advice of an intellectual property attorney, Steve Katula. With Katula's aid, Klabunde obtained trademark protection for MILK MOOLA®. Per the agreement, the ownership rights to the trademark were placed in Colle & McVoy, Inc.'s name. Also with Katula's aid, Klabunde applied for patent protection for the coupon device. In the patent application, Defendant named himself, not Colle & McVoy, Inc. In November 2000, Klabunde was laid off while the patent application was still pending. Colle & McVoy, Inc. allege that Klabunde is now operating a promotional program that violates their trademark. They also allege that Klabunde fraudulently represented that he would transfer the patent rights to the coupon device.

In the motion now before the Court Plaintiff Colle & McVoy, Inc. seeks to compel Defendant Klabunde to disclose all information and documents relating to communications with his attorneys regarding the MILK MOOLA® trademark and patent prosecutions and the ownership of each. In response, Defendant Klabunde asserts attorney-client privilege as to the communications between himself and Steve Katula.[2]

The relevant issue before this Court is the allegation that Klabunde waived his attorney-client privilege. A client may waive protection of attorney-client privilege either expressly or by implication. Sedco Int'l, S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir.

[2]Klabunde also contends that the patent application documents are irrelevant because they do not bear in determining ownership rights and are confidential between the inventor and the patent office. Colle & McVoy, Inc. have brought this motion to force Klabunde to disclose only communications between himself and Katula, not the pending patent applications and documents. Therefore the Defendant's last two arguments are moot.

1982); *citing* United States v. Cote, 456 F.2d 142, 144 (8th Cir. 1972). In this instance Colle & McVoy, Inc. does not contend that Klabunde has expressly waived his right. Colle & McVoy, Inc. argue that the attorney-privilege was impliedly waived. The attorney-client privilege is waived when privileged communications is voluntarily disclosed. Painewebber Group, Inc. v. Zinsmeyer Trusts Partnership, 187 F.3d 988, 992 (8th Cir. 1999).

In this instance Klabunde voluntarily disclosed documents and communications with Katula in support of his contention that he is the owner of the patent application of the coupon device. For example, letters from Katula to Klabunde were disclosed that demonstrate this type of waiver. Karau's Affidavit, Exh. G and I. In a letter dated November 2, 2000 Katula advised Klabunde of his legal position regarding Klabunde's intellectual property rights. Karau's Aff., Exh G. In a second letter dated May 29, 2001 Katula discussed the time frame of when he first was retained by Klabunde. In fact the second letter was stamped "PRIVILEGED AND CONFIDENTIAL." Karua's Aff., Exh. I. This clearly demonstrates a disclosure of privileged documents and waives the attorney-client privilege. Furthermore, this voluntary disclosure of privileged communications waives the right to attorney-client privilege including all communications on the same subject matter. United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998). Therefore the Court is persuaded by Plaintiff's argument and for the reasons stated above, will grant Plaintiff's motion to compel.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500